829 F.2d 36
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lawrence W. SHIVELY; Mary M. Shively, Plaintiffs-Appellants,
v.
LIFE ASSURANCE COMPANY OF PENNSYLVANIA, Defendant-Appellee,
 No. 86-3722
 United States Court of Appeals, Fourth Circuit.
 Submitted April 27, 1987.
Decided August 25, 1987.
 
 (Thomas C. Cady, on brief), for appellant.
 (Susan S. Brewer; Robert J. Schiavoni, Steptoe & Johnson, on brief), for appellee.
 Before RUSSELL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The appellants, Lawrence and Mary Shively, are appealing the district court's order dismissing their action on behalf of their decedent, Sharon Watkins, against the Life Assurance Company of Pennsylvania ('LACOP') to recover under the 'total disability' provision of an insurance agreement between Watkins and LACOP. The only issue before us is whether Watkins' October, 1984 hospitalization for bronchiectasis constituted a total disability for which she was covered under the policy, or fell within the 'Exceptions Applicable to Disability Benefit' provision which excluded from coverage any disability 'resulting from pre-existing illness, disease or physical condition which totally disabled the debtor at anytime during the sixth-month period immediately preceding the effective date of the debtor's coverage. . . .' The district court found that Watkins' October, 1984 disability was exempt from coverage because Watkins had been hospitalized for bronchiectasis from March 26, 1984 until April 7, 1984 and thus, had been totally disabled from bronchiectasis within six months of the insurance policy's effective date of April 14, 1984.
 
 
 2
 The appellants argued before the district court and on appeal that Watkins' earlier hospitalization for bronchiectasis did not constitute a 'total disability' under the exemption provision because the hospitalization lasted less than fourteen (14) days. As recognized by the district court, the appellants have misconstrued the plain language of the agreement. The fourteen (14) day language in the disability provision is not part of the definition of the term 'total disability' but merely provides a further condition governing the commencement of benefit payments. A 'total disability' is unambiguously defined in the policy as any whole and continuous disability rendering the insured unable to perform gainfully the duties of his occupation. Such a disability is covered by the policy only if it results directly from a cause independent of the cause of any total disability occurring during six months prior to the effective date of the policy.
 
 
 3
 Since Watkins had been wholly and continuously disabled such that she was unable to carry out the duties of her occupation from March 26 until April 7, 1984, she was totally disabled by bronchiectasis within six months of the effective date of the policy and her subsequent hospitalization for bronchiectasis was exempted from coverage under the policy. Accordingly, we affirm the judgment of the district court.
 
 
 4
 AFFIRMED.